Mike GONZALES, Alias Macedonio Gonzales, Appellant,

v.

The STATE of Texas, Appellee.

No. 39422.

Court of Criminal Appeals of Texas.

March 30, 1966.

No attorney of record on appeal for appellant.

Wiley Cheatham, Dist. Atty., Cuero, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is murder; the punishment, 35 years.

The state's testimony reflects that Jimmy Barrera, the deceased, along with two of his brothers and two others, went from Beeville to visit Fred Barrera in Refugio. While they were in a beer joint one of them became involved in an argument with Penny Moya about the ownership of a bottle of beer, and Moya held a knife against one of the Barrera brothers. One of the Barreras offered to buy Moya a beer. The group from Beeville left and returned and the deceased approached the appellant with a friend of Moya's and offered to shake hands and be friends. Appellant stabbed Jimmy Barrera with a knife having a blade 3½ to 4 inches long and Jimmy Barrera walked back about six feet and fell down. The deceased made no move toward the appellant and no blows were struck before the stabbing.

Travis Charles Meitzen, a doctor in Refugio County whose qualifications were stipulated, testified: Thanksgiving evening he had a chance to examine Jimmy Barrera in the emergency room at the Refugio County Hospital and found him in a dying condition. He was gasping his last. He had a stab wound in the right side of his

chest just off the midline, a little higher than the nipple. The wound was in the right place to cut some important structures of the heart, the great blood vessels entering and leaving the heart, or entering and leaving the lung. Jimmy Barrera lived two to five minutes after he saw him. The heart or vital blood vessels leading to the heart were struck. This wound in the chest was definitely the cause of death. He noticed no other wounds.

Appellant testified that he worked for a construction company; that the boys told him that the Barrera brothers wanted to fight Penny (Moya) at Mary's place; that he went to talk to Penny to get something straight; that three of the Barreras were coming toward him; that the deceased wanted to shake hands; that appellant said he did not know him; that the deceased tried to hit the appellant, and appellant hit him on the jaw or chin; that he did not stab the deceased. On direct examination he testified that he had been to Huntsville for car theft.

On cross-examination, he testified that he had been convicted for car theft in Refugio County; that he opened his knife when he walked toward Mary's place; that he thought the Barrera boys were going to fight and he wanted to be ready; that he threw the knife away at Zarsky's Place; that he did not cut anything; that he had been in jail for carrying a dagger.

The jury resolved the issues of fact in favor of the state and the evidence is sufficient to sustain their verdict.

Appellant's able court appointed counsel reserved no exceptions to the court's charge or formal bills of exception. Contrary to their advice, appellant chose to testify in his own behalf. His testimony was impeached by his voluntary statement which was introduced in his behalf and which contained statements contrary to his testimony.

An examination of the informal bills of exception reveals no error that would war-

rant reversal. If there were errors in the court's rulings on the admissibility of evidence, such errors were rendered harmless by appellant's testimony.

The judgment is affirmed.